KYLE CONNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Conner v. Commissioner
Docket No. 17149-89
United States Tax Court
T.C. Memo 1990-140; 1990 Tax Ct. Memo LEXIS 164; 59 T.C.M. (CCH) 119; T.C.M. (RIA) 90140; March 19, 1990
Ronald C. Barker, for the petitioner. M. K. Mortensen, Christopher J. Ray, and Daniel A. Guy, for the respondent. SHIELDS
*259 MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: In a notice of deficiency dated and mailed by certified mail to petitioner on April 11, 1989, respondent determined deficiencies in and additions to petitioner's income tax as follows: Additions to Tax IRC Section
Year
Deficiency
6653(b)
6653(b)(1) 6653(b)(2)
6661 1981
$    674.00
$ 337.00
$    N/A   N/A
$      0.00
1982
10,756.00
N/A
5,378.00
*
2,689.00
1983
10,810.00
N/A
5,405.00
*
2,703.00
1984
62,091.00
N/A
31,223.00
*
15,523.00
*165 The matter is before us at this time on respondent's motion to dismiss for lack of jurisdiction and petitioner's motion to dismiss because the notice of deficiency was improperly addressed. At a hearing on the motions which was held on January 31, 1990, respondent orally moved for leave to file a memorandum of law in support of his motion to dismiss. We took the oral motion under consideration. FINDINGS OF FACT Respondent's deficiency notice of April 11, 1989, was addressed to petitioner at 2104 Woodlake, Santa Rosa, California 95405. The address used on the deficiency notice was the address shown on petitioner's income tax return for 1987 which was filed with respondent on October 19, 1988. The 1987 return was the last return filed by petitioner before the notice was issued. In the period between the filing of the 1987 return and the mailing of the deficiency notice, petitioner moved to 1917 Garrett Court, Santa Rosa, California 95403. Respondent was not notified of this change in petitioner's address. Petitioner, however, received the deficiency notice on or before July 8, 1989, because *166 on July 8, 1989, the 88th day after the notice of deficiency was mailed to petitioner, counsel for petitioner placed a petition for petitioner in an Express Mail envelope addressed to Clerk, P.O. Box 70, U.S. Tax Court, Washington, D.C. 20044, and delivered the envelope to the U.S. Postal Service. On July 11, 1989, the 91st day after the deficiency notice was mailed to petitioner, the envelope containing the petition was returned by the Postal Service to petitioner's counsel with the notation "Box Closed No Forwarding." On the same date that the petition was returned, petitioner's counsel mailed the original envelope containing the petition in a second envelope addressed as follows: Clerk, United States Tax Court, 400 2nd Street, N.W., Washington, D.C. 20217. The second envelope containing the original envelope and the petition was received by the Tax Court on July 12, 1989, the 92nd day after the deficiency notice was mailed to petitioner by respondent. On or about February 26, 1986, petitioner filed with respondent a power of attorney authorizing Ronald Barker, Attorney, and Welden Daines, CPA, to represent him before the Internal Revenue Service with respect to the tax years *167 1982, 1983, and 1984. In the power of attorney petitioner directed respondent to send copies of notices and other communications addressed to the taxpayer in proceedings involving his tax matters for the stated years to Mr. Barker and Mr. Daines. A copy of the deficiency notice was not sent by respondent to Mr. Barker or Mr. Daines. The record does not reflect how or on what date petitioner received the notice of deficiency. OPINION The deficiency notice in this case was mailed by respondent to petitioner's last known address. , cert. denied ; . See also . In any event since petitioner actually received the deficiency notice in sufficient time to mail a petition to the Tax Court within the 90-day period provided by section 6213(a), the delay in its receipt was not prejudicial. ; , affd. . *168 Respondent's failure to send a copy of the notice to petitioner's representatives as directed in the power of attorney does not render the deficiency notice invalid. ; . See also . The original envelope containing the petition was placed in the mail within 90 days after the deficiency notice was sent to petitioner but the envelope containing the petition was not properly addressed to the Tax Court. . The second envelope containing the petition was properly addressed to the Tax Court but was not mailed within 90 days after the deficiency notice was sent to petitioner. *260 Therefore, in view of all of the foregoing, the petition in this case was not timely mailed to or timely filed with the Tax Court, and we do not have jurisdiction over the matter. Section 7502(a)(2); Respondent's motion to dismiss will be granted, petitioner's *169 motion will be denied, and respondent's oral motion for leave to file a memorandum of law is considered moot. An appropriate order will be issued. Footnotes
*. An amount equal to 50% of the interest due on any underpayment due to fraud.↩